UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

               Petitioner,

v.                                                  Case No. 22-cv-1328-bhl

DYLON RADTKE,

               Respondent.

## SCREENING ORDER

        On November 8, 2022, petitioner Antonio Darnell Mays, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) Three weeks later, he paid the $5.00 filing fee.

        Rule 4 of the Rules Governing §2254 Cases, requires the Court to screen Mays' petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

        Mays was convicted of one count of felony murder, one count of first-degree reckless homicide while armed, and two counts of felon in possession of a firearm in Milwaukee County Circuit Court and is currently serving a 55-year sentence. (ECF No. 1 at 2.) He initially challenged the felony murder conviction in a postconviction motion. (ECF No. 1-2 at 34.) Mays argued "that his felony murder conviction with the underlying felony of armed burglary, which is predicated on an intent to commit second-degree recklessly endangering safety, is not a valid offense under Wisconsin law." (*Id.* at 35.) The trial court denied the motion, so Mays appealed to the Wisconsin

Court of Appeals. (ECF No. 1 at 3.) The Court of Appeals affirmed the conviction, and the Wisconsin Supreme Court declined review. (ECF No. 1-2 at 39, 46.)

Mays' federal habeas petition asserts four grounds for relief: (1) the Wisconsin postconviction court erred when it refused to accept his motion to supplement or correct the record pursuant to Wis. Stats. 809.11(7)(a) and 809.14(3)(b); (2) appellate counsel provided ineffective assistance when he failed to raise all issues of arguable merit; (3) the prosecution presented false evidence; and (4) the state crime lab DNA analyst tampered with the evidence. (ECF No. 1-1 at 5-6.)

A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Mays' postconviction and appellate challenges did not raise any of the grounds for relief listed in his federal habeas petition. Thus, because he has not yet exhausted his state court remedies, Mays cannot proceed with a habeas petition related to these claims at this time.

Additionally, it appears that at least Mays' first ground alleges errors of Wisconsin State law for which "federal habeas corpus relief does not lie." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). As a result, even if Mays had exhausted that claim, this Court could not consider it on collateral review.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, Mays' petition for writ of habeas corpus is **DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on December 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge